**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4700**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

LLOYD BRIDGES WALLACE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:08-cr-00135-BR-1)

Submitted:  September 28, 2010     Decided:  December 3, 2010

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Bridges Wallace appeals from his conviction and the fifty-four month sentence imposed after he pleaded guilty to possession of stolen mail and aggravated identity theft. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that he has discerned no meritorious issues, but raising the issues of ineffective assistance of counsel by failing to file a motion to suppress, and whether the district court erred in calculating the Sentencing Guidelines range. Wallace did not file a pro se supplemental brief. We affirm Wallace's conviction, but vacate the sentence and remand for resentencing.

We may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We conclude that ineffective assistance does not conclusively appear on the record regarding Wallace's claim that counsel failed to file a motion to suppress items found in the glove compartment during a search of his car.

Next, Wallace alleges that the district court erred in calculating his advisory Sentencing Guidelines range by attributing more loss than the amount of the check cashed, applying a two-level increase for use of an identification card to obtain another means of identification, and that he should

2

not have received a two-year consecutive sentence under 18 U.S.C. § 1028A (2006), for use or possession of a fraudulent identification in relation to the aggravated identity theft. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The court did not err in calculating the loss. The loss was not stipulated to by the parties in the plea agreement and the agreement indicated that the sentence would be established by the district court and the Sentencing Guidelines. Wallace contends that he understood that his loss would be fixed at $7,700 - the amount of the check he fraudulently cashed. However, Wallace was linked to several other checks, bringing the total intended loss to $22,279.03. Therefore, Wallace received a four-level increase, instead of a two-level increase. Under the Guidelines, loss is the greater of the actual loss or intended loss. U.S. Sentencing Guidelines Manual § 2B1.1,

3

comment. (n.3(A)) (2009).  The two-year mandatory consecutive sentence for the aggravated identity theft was proper because a bank fraud is an enumerated felony triggering the consecutive sentence provision.  See USSG § 2B1.6.  However, our review of the sentence identified an error in the application of one enhancement used to calculate the sentence.  The district court applied a two-level enhancement under USSG § 2B1.1(b)(10)(C)(i) for the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification.  Wallace initially objected to the application of the enhancement, arguing that he did not produce any other identification documents.  The presentence report applied the enhancement because Wallace used a fraudulent Georgia identification card to open a credit union account in a victim's name.

Although Wallace objected to the calculation of his sentence based on the applicable facts, he did not argue that the enhancement should not have been applied because he was receiving a consecutive sentence under § 1028A.  Therefore, this portion of the sentence is reviewed for plain error.  United States v. Olano, 507 U.S. 725, 732-37 (1993).  Under the plain error test, a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights.  Id. at 732.  Even when these conditions are

4

satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Application Note 2 to USSG § 2B1.6 directs that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense." Therefore, the two-level increase under § 2B1.1(b)(10)(C)(i) for Wallace's use of the Georgia identification card to obtain the credit union account was erroneously applied. The correct Guidelines range for the possession of stolen mail count is 18-24 months, rather than the range of 24-30 months used by the district court. The court sentenced Wallace to a 30-month sentence for the stolen mail count and then added the mandatory consecutive 24-month sentence for the aggravated identity theft count, for a total of 54 months of imprisonment.

We conclude that the enhancement was indeed plain error, which affected Wallace's substantial rights because it increased his Guidelines range for the possession of stolen mail, and resulted in a sentence above the Guidelines range that should have been applied. We therefore exercise our discretion

5

to notice the error, vacate the sentence, and remand the case for resentencing.

In accordance with Anders, we have reviewed the record in this case and have found no other meritorious issues for appeal. We therefore affirm the convictions, but vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART